IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01864-LTB-KLM

CHRISTINE SMALL,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner, U.S. Social Security Administration,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Request for Reconsideration** [Docket No. 12; Filed October 3, 2008] (the "Motion").

    As a preliminary matter, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District Court for the District of Colorado require that parties to civil litigation file *motions* when they seek relief from the Court. Fed. Rule Civ. Pro. 7(b)(1) ("An application to the court for an order shall be by motion..."); D.C.Colo.L.Civ.R. 7.1C . Because Plaintiff's request was clearly intended as a motion, and was docketed by the Clerk of the Court as a motion, the Court will rule on it as such. However, in the future, the Court will not rule on requests seeking relief that are not titled as motions.

    On September 4, 2008, Magistrate Judge Boland entered an Order denying Plaintiff's Request for Counsel as premature [Docket No. 5]. Plaintiff now moves this Court

1

to reconsider that Order. However, as Magistrate Judge Boland merely denied Plaintiff's Request for Counsel as premature without providing any legal support for the denial, the Court assumes that this was done because the case had not yet been assigned to a district judge and a magistrate judge. Therefore, the Court interprets Plaintiff's Motion as a renewed motion for appointment of counsel instead of as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).

However, construing this as a renewed motion for appointment of counsel, the Court notes that it does not have the power to appoint an attorney without the attorneys' consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does it have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

2

In this case, Plaintiff has demonstrated her ability to frame facts and state claims for relief under various statutes and constitutional provisions. Her filings to date indicate that she has a firm grasp of the facts and issues in this case, that she is capable of presenting the case, and has presented her claims adequately. The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze. Therefore, based on its evaluation of the relevant factors, the Court finds that Plaintiff is not entitled to appointment of counsel at this stage of the case.

Accordingly, IT IS HEREBY **ORDERED** that the **Request for Reconsideration** [Docket No. 12; Filed October 3, 2008] is **DENIED**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: October 8, 2008