IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01864-LTB-KLM

CHRISTINE SMALL,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner, U.S. Social Security Administration,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant's Motion to Dismiss** [Docket No. 28; Filed December 22, 2008] (the "Motion") for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Motion has been referred to this Court for recommendation pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C. Plaintiff, who is proceeding *pro se*, failed to respond to the Motion, and the deadline for doing so has passed.[1] However, Plaintiff provided some relevant arguments in her Response to Defendant's Motion for a Stay [Docket No. 35, Filed January, 14, 2009]. The Court has reviewed the Motion, the entire case file, the relevant law and is sufficiently

---

[1] While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond to a dispositive motion, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *Cf.* D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond without also considering the merits of the motion. *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. Dec. 31, 2003) (unpublished decision).

advised in the premises.  For the reasons set forth below, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED.**

## I.  Background

This case involves a request for judicial review of a Final Order issued by the Merit Systems Protection Board ("MSPB") [Docket No. 3].  Plaintiff's Complaint advances two claims for relief.  The first claim alleges that Defendant wrongfully terminated her employment; the second claim alleges that Defendant violated her right to due process. *See Complaint* [#3] at 4-5.

Plaintiff formerly worked as a Legal Assistant in the Social Security Administration ("SSA") Office of Hearings and Appeals in Denver, Colorado.  *Id.* at 3, 7.  Effective March 24, 2003, the SSA terminated Plaintiff's employment for using a social security number that was not her own, making inaccurate statements to loan companies, and incurring garnishment actions.  *Id.*  The SSA's Office of Inspector General found that Plaintiff had committed wire fraud, bank fraud, and misuse of a social security number.  *Id.* at 7.

Plaintiff sought review of her termination before the MSPB, alleging that the SSA discriminated against her on the basis of mental disability.  *Id.*  She claims to have struggled with mental illness for several years preceding her removal.  *Id.* at 3.  Plaintiff also alleges that the SSA knew of her mental illness as a result of a November 2000 medical episode during which Plaintiff collapsed at work and required medical attention. *Id.*

Following a hearing, an MSPB Administrative Judge issued an initial finding of no discrimination, upheld the charges against Plaintiff, and found that the penalty of termination was reasonable.  *Id.* at 7.  The initial decision also found that Plaintiff failed to

establish that she was an individual with a disability and that, even if Plaintiff were an individual with a disability, she failed to establish that the SSA terminated her because of her alleged disability. *Id.* at 7. The MSPB subsequently denied Plaintiff's request for review by the full Board. *Id.* Plaintiff petitioned for review with the Equal Employment Opportunity Commission ("EEOC"), which, after reviewing the record, issued a decision concurring with the MSPB's finding of no discrimination on July 8, 2008. *Id.* at 7-8. Following the EEOC's decision, Plaintiff filed this action for judicial review of the MSPB's decision and the underlying agency action.

## II.  Analysis

### A.    Standards of Review

Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis for exercising jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has subject-matter jurisdiction to properly hear the case before it. Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint

3

supported by affidavits and other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1003. In this case, Defendant facially attacks both of Plaintiff's claims. *See Motion* [#28] at 4-5, 9.

Because Plaintiff is proceeding *pro se* the Court must construe her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### B. Wrongful Termination Claim

In her first claim, Plaintiff challenges the merits of the SSA's action and the MSPB's final decision upholding her termination as an employee of the SSA. *See Complaint* [#3] at 4. Plaintiff alleges that the SSA failed to consider or improperly weighed mitigating factors related to the actions leading to her termination, in violation of her employment contract. *Id.* Notably absent from Plaintiff's first claim are any allegations of disability discrimination. *Id.* Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant argues that the claim should be dismissed because the United States District Court for the District of Colorado lacks subject-matter jurisdiction.

Congress created the MSPB when it passed the Civil Service Review Act, 5 U.S.C. §§ 1101-10106. As an agency, the MSPB has quasi-judicial authority to adjudicate federal

employee appeals of agency personnel actions, including termination actions. *Id.* §§ 1204, 7512. Federal employees aggrieved or adversely affected by a decision of the MSPB enjoy the right to obtain judicial review in federal court. *Id.* § 7703(a). When a former federal employee requests judicial review of an MSPB decision on the basis of the underlying agency action, as Plaintiff has done here, the agency - and not the MSPB - becomes the respondent in the civil action. *Id.*

Except in "mixed cases," the Federal Circuit Court of Appeals retains exclusive jurisdiction over petitions for review of MSPB decisions. *Id.* § 7703(b); 28 U.S.C. § 1295(a)(9); *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 775 (1985); *Coffman v. Glickman*, 328 F.3d 619, 621 (10th Cir. 2003); *Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993); *Hill v. Dep't of the Air Force*, 796 F.2d 1469, 1471 (Fed. Cir. 1986). "Mixed cases" are those in which the employee alleges both discrimination and non-discrimination claims. *Coffman*, 328 F.3d at 621; *Washington*, 10 F.3d at 1428. Claimants must file petitions for review of "mixed cases" in federal district court if the petition alleges discrimination prohibited by Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 633a(c)), or section 16(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 216(b)). 5 U.S.C. § 7703(b)(2); *Coffman*, 328 F.3d at 621-22 (holding that "mixed cases" must be brought before a federal district court); *Washington*, 10 F.3d at 1428 (same); *Williams v. Dep't of the Army*, 715 F.2d 1485, 1491 (Fed. Cir. 1983) (same).

Vesting jurisdiction over "mixed cases" in the district courts "promote[s] uniformity in treatment of unlawful discrimination claims brought by federal employees relative to those brought by their private sector counterparts" by "ensur[ing] that federal employees,

just as private sector employees, . . . can seek *de novo* review of claims of unlawful employment discrimination in a federal district court." *Coffman*, 328 F.3d at 623 (*citing Christo v. Merit Sys. Prot. Bd.*, 667 F.2d 882, 884-85 (10th Cir. 1981) and S. Rep. No. 95-969, at 63 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2785)).  In addition, requiring district courts to review both the discrimination and non-discrimination components of "mixed cases" helps avoid a "tremendous waste of judicial resources" by assigning the initial fact-finding role for all related claims to a single district court.  *Wiggins v. USPS*, 653 F.2d 219, 222 (5th Cir. 1981).  However, in cases devoid of discrimination claims, Congress recognized that the need for consistency in matters related to federal employment would be met not by allowing for review in the diverse federal district courts, but rather by vesting exclusive jurisdiction with the Federal Circuit.  *See Afifi v. United States Dep't of the Interior*, 924 F.2d 61, 62-63 (4th Cir. 1991); *Williams*, 715 F.2d at 1488-90; S. Rep. No. 95-969, at 63 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2785.

Numerous courts have confirmed the exclusive jurisdiction of the Federal Circuit Court of Appeals over judicial review of MSPB decisions that do not involve discrimination claims.  *Lindahl*, 470 U.S. at 775; *Coffman*, 328 F.3d at 621; *Hill,* 796 F.2d at 1471; *Washington*, 10 F.3d at 1428.  The Federal Circuit's exclusive jurisdiction arises under several scenarios.  The Tenth Circuit Court of Appeals has held that when a plaintiff dismisses discrimination claims brought in district court, the plaintiff no longer presents a "mixed case," and the Federal Circuit retains exclusive jurisdiction over the appeal.  *Hendrix v. USDA*, No. 96-2150, 1997 WL 407841, at *2 (10th Cir. July 21, 1997) (unpublished decision).  Similarly, the Federal Circuit retains exclusive jurisdiction when a plaintiff advances only a frivolous discrimination claim in district court, *Hill*, 796 F.2d at 1471, or

when the plaintiff expressly abandons the discrimination claim, *Daniels v. USPS*, 726 F.2d 723, 724 (Fed. Cir. 1984). Finally, in cases where "the well pleaded complaint [contains] no real allegation of discrimination, then the Federal Circuit has exclusive jurisdiction." *Randle v. Bentsen*, 19 F.3d 371, 374 (7th Cir. 1994) (citations omitted). Thus, a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed, frivolous, expressly abandoned, or entirely absent.

Even if the Court accepts all of the allegations of the Complaint, Plaintiff's has not made any mention of discrimination. While Plaintiff indicates that she suffered from mental illness at the time she committed the acts leading to her removal, she does not allege any facts that suggest the SSA dismissed Plaintiff because of her mental illness. In fact, Plaintiff states that the SSA specifically did *not* consider her mental illness when it balanced relevant factors during her removal action. *See Complaint* [#3] at 4. Plaintiff's complaint merely alleges that the SSA made the wrong decision when it removed her because it improperly weighed the evidence. Because the complaint does not contain any well-pled allegation of discrimination, Plaintiff does not present a "mixed case" and the Federal Circuit retains exclusive jurisdiction to review the merits of the SSA's removal action. 5 U.S.C. § 7703(b); 28 U.S.C. § 1295(a)(9); *Randle*, 19 F.3d at 374; *see also Lindahl*, 470 U.S. at 775; *Coffman*, 328 F.3d at 621; *Hill,* 796 F.2d at 1471; *Washington*, 10 F.3d at 1428. Accordingly, this Court lacks jurisdiction to adjudicate Plaintiff's first claim.

Plaintiff argues in her Response to Defendant's Motion for a Stay that language in the EEOC's decision letter incorrectly advised Plaintiff that her right to file a civil action lay in federal district court. *See Plaintiff's Response* [#35] at 3. Plaintiff further argues that she should not be held accountable for "flawed appeal rights" contained in the EEOC's decision.

*Id.* However, the appeal rights contained in the EEOC's decision are correct. As the EEOC clearly states in its decision, it has authority to review only that portion of the MSPB decision related to Plaintiff's discrimination allegations. *See Complaint* [#3] at 8; 29 C.F.R. § 1614.303. Therefore, the appeal rights outlined in the EEOC's decision pertain to Plaintiff's allegation of discrimination, not to Plaintiff's challenge of the merits of the underlying SSA action in light of Plaintiff's employment contract. *See Complaint* [#3] at 8.

Even if Plaintiff had petitioned this Court for review of her discrimination allegations following the EEOC's decision, § 7703(b) does not appear to confer jurisdiction on the federal district courts where the alleged discrimination considered by the MSPB involves disability discrimination. *Strozier v. USPS*, No. 04-cv-00074-MSK-CBS, 2006 WL 47659, at *4 n.3 (D. Colo. Jan. 9, 2006) (unpublished decision). The *Strozier* court noted that § 7703(b), by referencing 42 U.S.C. § 2000e-16(c), does not confer the federal district courts with jurisdiction over petitions for review of MSPB decisions that address disability discrimination because § 2000e-16(c) only addresses discrimination based on race, color, religion, sex, or national origin. *Id.* Therefore, this Court not only lacks subject-matter jurisdiction to address the merits of the underlying SSA decision, but would also lack subject-matter jurisdiction to review Plaintiff's allegations of discrimination based on mental disability.

Having determined that this Court lacks jurisdiction over Plaintiff's first claim, the Court must evaluate whether the claim can be transferred to an appropriate jurisdiction. 28 U.S.C. § 1631 (2006). In some situations, the reviewing court has transferred petitions for review of MSPB decisions to the Federal Circuit Court of Appeals after the claim loses its "mixed case" status. *Hendrix*, 1997 WL 407841, at *2; *Strozier*, 2006 WL 47659, at *4;

*Hays v. Postmaster Gen.,* 868 F.2d 328, 331 (9th Cir. 1989).  Transfer is appropriate under § 1631 "if the action would have been timely commenced if brought in the proper court at the time it was filed and if such a transfer is in the interests of justice." *Strozier*, 2006 WL 47659, at *4 (*citing Hays,* 868 F.2d at 331).  In this case, 5 U.S.C. § 7703(b)(1) requires that an action to review a just cause determination be brought in the Federal Circuit within sixty days of the employee's receipt of the MSPB's final order.  *Id.*  Although the evidence before this Court does not indicate the date of the final MSPB order, I give Plaintiff the benefit of the doubt and assume that she received the final MSPB order on the same day that she filed her EEOC petition (February 7, 2008).  Under this generous assumption, Plaintiff had until April 8, 2008 to file a petition for review of the MSPB decision.  However, Plaintiff filed this matter on August 22, 2008, at least 136 days after the deadline had passed.  Because Plaintiff's claim would not have been timely commenced in the Federal Circuit at the time it was filed in this Court, transfer to the Federal Circuit is not appropriate. *Hays*, 868 F.2d at 331; *Strozier*, 2006 WL 47659, at *4.

This Court lacks subject-matter jurisdiction over Plaintiff's wrongful termination claim. Therefore, I **RECOMMEND** that Defendant's Motion to Dismiss be **GRANTED** as to Claim 1.

### C.     Due Process Claim

Plaintiff's second claim for relief alleges that the SSA deprived her of constitutionally protected liberty and property rights without due process of law by denying Plaintiff access to the federal building at 1244 North Speer Boulevard in Denver, Colorado. *See Complaint* [#3] at 5.  In her request for relief, Plaintiff asks this Court to reinstate her access to the federal building, presumably in the form of an order enjoining Defendant from barring

Plaintiff's access. *Id.* at 6. Plaintiff relies on 28 U.S.C. § 1331 and 42 U.S.C. § 1983 as the jurisdictional bases for her claim. Defendant again argues that this Court lacks subject-matter jurisdiction over Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(1) because the claim is barred by sovereign immunity.

Unless the United States consents to be sued, "sovereign immunity shields the Federal Government and its agencies from suit." *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "Absent an express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over suits against the United States." *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006) (*citing United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Waiver of sovereign immunity must be explicit, not implied. *High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) (*citing Villescas v. Abraham*, 311 F.3d 1253, 1256-57 (10th Cir. 2002)). Because the United States defines the terms and conditions upon which it may be sued, Plaintiff must identify a specific statute that expressly waives the federal government's sovereign immunity. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002); *see also Bryan v. Office of Pers. Mgmt.*, 165 F.3d 1315, 1318 (10th Cir. 1999); *Richman v. Straley*, 48 F.3d 1139, 1146 (10th Cir. 1995).

The Court notes at the outset that Plaintiff fails to state a claim against the SSA and Mr. Astrue pursuant to 42 U.S.C. § 1983. Section 1983 applies to state actors, not to federal agencies or employees. *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973); s*ee also Williams v. United States*, 396 F.3d 412, 415 (D.C. Cir. 2005)*; Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). Furthermore, federal question jurisdiction, 28 U.S.C. § 1331, "does not independently waive the Government's sovereign

immunity; § 1331 will only confer subject matter jurisdiction where some other statute provides such a waiver." *High Country Citizens Alliance*, 454 F.3d at 1181 (*citing City of Albuquerque v. United States Dep't of Interior*, 379 F.3d 901, 906-07 (10th Cir. 2004)). Therefore, Plaintiff's invocation of federal question jurisdiction must be accompanied by some other explicit statutory waiver of sovereign immunity to establish subject-matter jurisdiction in this Court. *High Country Citizen's Alliance*, 454 F.3d at 1181.

Because Plaintiff is proceeding *pro se*, she is entitled to a liberal construction of her complaint. *Haines*, 404 U.S. at 520. Construing Plaintiff's claim as an action against Mr. Astrue in his individual capacity under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) would fail to establish a valid claim. Although "[a] *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983," *Marshall v. Fed. Bureau of Prisons*, 518 F. Supp. 2d 190, 193 (D.D.C. 2007), *Bivens* applies only to damages claims against federal officers acting in their individual capacity. *Bivens*, 403 U.S. at 395-97. Here, Plaintiff brings a claim for injunctive relief against Mr. Astrue in his official capacity, *see Complaint* [#3] at 5, therefore *Bivens* does not apply. *See Simmat v. United States BOP*, 413 F.3d 1225, 1231 (10th Cir. 2005).

By contrast, Plaintiff's request for injunctive relief against Defendant is not barred by the doctrine of sovereign immunity. *See Simmat*, 413 F.3d at 1233 (holding that sovereign immunity does not bar an action against federal officials for injunctive relief from alleged constitutional violations). The *Simmat* court based its holding on 5 U.S.C. § 702, which contains a broad, explicit waiver of sovereign immunity for "action[s] in a court of the United States seeking relief other than monetary damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity . . . ."

5 U.S.C. § 702 (2006); *see also Simmat*, 413 F.3d at 1233. Therefore, sovereign immunity does not bar Plaintiff's constitutional claim.

Finding a legal basis for Plaintiff's second claim, I now examine its merits. Because Plaintiff is proceeding in *forma pauperis* under 28 U.S.C. § 1915, this Court must dismiss Plaintiff's claim if it is frivolous or malicious, if it fails to state a claim for which relief can be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The standard for determining whether Plaintiff's claim must be dismissed for failure to state a claim for which relief can be granted pursuant to § 1915(e)(2)(B)(ii) is identical to the standard for evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Garza v. Bandy*, 293 Fed. Appx. 565, 566 (10th Cir. 2008) (unreported decision). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor

does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Ashcroft*,129 S. Ct. at 1949 (citation omitted).

Even with the benefit of this Court's liberal construction, Plaintiff's claim fails to satisfy the plausibility standard of *Ashcroft*, because it fails to state facts which would entitle her to relief under the law. To advance a due process claim under the Fifth Amendment, Plaintiff's complaint must establish three elements: (1) a liberty or property interest; (2) a deprivation under color of law; and (3) lack of due process. *See Negron v. Adams*, No. 88-A-1644, 1990 WL 86356, at *2 (D. Colo. June 19, 1990). Plaintiff accuses Defendant, acting in his official capacity, of violating her right to due process by preventing Plaintiff from entering a federal building. *See Complaint* [#3] at 5. However, Plaintiff fails to

13

establish that her ability to access a federal building represents a cognizable liberty or property interest. *See Williams v. Town of Greenburgh*, 535 F.3d 71, 74-76, (2nd Cir. 2008) (finding that access to public facilities does not amount to a constitutionally-protected liberty interest); *see also Goldberg v. Kelly*, 397 U.S. 254, 262-63 & n.8 (1970) (noting that property interests derive from common law notions of property and also from statutory entitlements). Without facts establishing that Plaintiff seeks to enforce a constitutionally-protected interest, Plaintiff's complaint simply "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Aschroft*, 129 S.Ct. at 1949. Stated another way, the facts asserted by Plaintiff in support of her claim do not entitle her to relief as a matter of law.

Plaintiff further complains that even today, well after completion of Defendant's investigation, she cannot conduct business with other agencies in the federal building because she continues to be denied access. *Complaint* [#3] at 5. However, Plaintiff fails to present any facts to establish that she has actually attempted to conduct business with these "other agencies" or that Defendant's actions prevented her from doing so on any specific occasion. *Id.* Nor does Plaintiff advance any facts asserting that Defendant continues to mandate her exclusion from the building. *Id.* In fact, Plaintiff states that the letter barring her access to the federal building expired in 2003 upon completion of the agency's investigation into the actions that ultimately led to termination of her employment. *Id.* The well-pled facts do not support the presumption that Plaintiff's continued inability to access the federal building more than five years after completion of Defendant's investigation is attributable to Defendant's action. Therefore, this Court cannot "draw [a] reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft*, 129 S. Ct. at 1949. Moreover, even if Plaintiff had satisfactorily alleged that Defendant has

continued to deprive her of access to the federal building, those facts would not establish a cognizable claim for violation of her due process rights.  *See Williams*, 535 F.3d at 74-76.

In the absence of any response to Defendant's Motion to Dismiss, this Court has gone to great lengths to establish a legal basis for Plaintiff's second claim; however, I must conclude that Plaintiff's due process claim fails to survive scrutiny under Federal Rule of Civil Procedure 12(b)(6).  Therefore, 28 U.S.C. § 1915(e)(2)(B)(ii)  requires dismissal of Plaintiff's second claim.

### III.  Conclusion

As set forth above, I respectfully **RECOMMEND** that Defendants' Motion [#28] be **GRANTED**.

IT IS FURTHER **ORDERED** that pursuant to Federal Rule of Civil Procedure 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  June 18, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge